98 F.3d 1341
 78 A.F.T.R.2d 96-7050, 65 USLW 2303
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In the Matter of BURNHAM, CONNOLLY, OESTERLE and HENRY, Debtor.
UNITED STATES of America, Plaintiff-Appellee,
v.
Basil T. SIMON, Trustee, Defendant-Appellant.
 No. 95-1306.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1996.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 94-74511; Horace W. Gilmore, Judge.
 E.D.Mich., 199 B.R. 156.
 REVERSED.
 Before: GUY, NELSON and BATCHELDER, Circuit Judges.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 The question in this appeal is whether a proof of claim, filed by the Internal Revenue Service in a proceeding under Chapter 7 of the United States Bankruptcy Code prior to the 1994 Bankruptcy Amendments, is entitled to "first-tier" priority even though filed long after the deadline established under Bankruptcy Rule 3002--a deadline of which the IRS presumably had timely notice.
 
 
 2
 The Second, Ninth and Eleventh Circuits have accorded first-tier status to claims filed under similar circumstances. See In re Vecchio, 20 F.3d 555 (2d Cir.1994); In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir.1994); In re Davis, 81 F.3d 134 (11th Cir.1996). The Fifth Circuit, however, has held first-tier status unavailable. See In re Waindel, 65 F.3d 1307 (5th Cir.1995). We think that the Fifth Circuit's is the better view, and we conclude that the claim at issue here should be relegated to third-tier status.
 
 
 3
 * The debtor filed a voluntary petition under Chapter 7 in November of 1988. The clerk of the bankruptcy court subsequently sent creditors a notice to file claims by March 29, 1989. The IRS tells us that its file in this case has been destroyed, but the agency was listed on the matrix of creditors filed with the bankruptcy court. Absent evidence to the contrary, we must presume that the IRS received its copy of the notice.
 
 
 4
 On June 21, 1994--more than five years after the deadline--the IRS filed "an unsecured priority claim" for $81,231.58 in 1988 payroll taxes and "an unsecured non-priority claim" for $30,261.08 in related penalties. The only excuse offered for the delay in filing is that, for reasons not explained, the IRS was initially under the impression that no assets would be distributed.
 
 
 5
 The bankruptcy court disallowed the IRS claim as untimely. The district court reversed the disallowance and held that the tax claim should be allowed as a priority claim. The trustee has appealed to this court.
 
 II
 
 6
 Section 726(a) of the Bankruptcy Code sets forth the order in which the assets of a Chapter 7 estate are to be distributed to unsecured creditors. The version of that section in effect at the time this case was commenced provided as follows:
 
 
 7
 "(a) Except as provided in section 510 of this title, property of the estate shall be distributed--
 
 
 8
 (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
 
 
 9
 (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--
 
 
 10
 (A) timely filed under section 501(a) of this title;
 
 
 11
 (B) timely filed under section 501(b) or 501(c) of this title; or
 
 
 12
 (C) tardily filed under section 501(a) of this title, if--
 
 
 13
 (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
 
 
 14
 (ii) proof of such claim is filed in time to permit payment of such claim;
 
 
 15
 (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;
 
 
 16
 (4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture
 
 
 17
 ............................................................
 
 
 18
 ....................
 
 
 19
 * * *
 
 
 20
 (5) fifth, in payment of interest ...
 
 
 21
 (6) sixth, to the debtor."
 
 
 22
 Among the claims specified in section 507 are "allowed unsecured claims of governmental units," a category that includes claims for delinquent withholding taxes. If the unsecured payroll tax claim at issue in this case had been timely filed, therefore, it would be entitled to first-tier distribution under § 726(a)(1). The IRS concedes that the claim for related penalties is not entitled to priority status.
 
 
 23
 The Bankruptcy Code does not itself contain a claims deadline. By distinguishing between timely and tardily filed claims in §§ 726(a)(2) and (3), however, and by allowing a debtor or the trustee to file a proof of claim on behalf of a creditor who has not filed a timely notice of claim under § 501(c), the Code clearly reflects an understanding that a claims deadline will exist. Waindel, 65 F.3d at 1309. Such a deadline has been provided by Bankruptcy Rule 3002(a), which says that a proof of claim must be filed within 90 days of the first meeting of creditors if the claim is to be "allowed."
 
 
 24
 Despite its literal language, it is apparent that Rule 3002(a) should not be deemed to set an absolute bar to allowance of tardy claims in Chapter 7 proceedings. The statute authorizing the Supreme Court to prescribe rules for bankruptcy proceedings, 28 U.S.C. § 2075, provides that the rules "shall not abridge, enlarge, or modify any substantive right." Consequently, "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." Pacific Atlantic, 33 F.3d at 1066. The Code clearly contemplates situations--see § 726(a)(2), e.g.--where a tardily filed claim is "allowed." In addition, § 502(a) provides that a claim is allowed unless a party in interest objects. Section 502(b) lists eight grounds for disallowance, none of which is untimely filing. "We cannot have a statute that specifically allows payment of tardily filed claims and rules that prohibit their filing. Accordingly, to the extent that [the Rule] contradicts the statute, it cannot stand." United States v. Cardinal Mine Supply, Inc., 916 F.2d 1087, 1089 (6th Cir.1990); see also Vecchio, 20 F.3d at 559.
 
 
 25
 To the extent that the Rule does not contradict the statute, conversely, there is no reason for the Rule to be ignored. In Chapter 7 cases, at least, we believe that the Rule may appropriately be read as "providing a dividing line between timely and tardy claims, rather than a flat ban on the allowance of late-filed claims." Waindel, 65 F.3d at 1309.
 
 III
 
 26
 If the claim for delinquent payroll taxes is one that may be "allowed" even though tardily filed, we must determine the tier to which the claim is to be assigned under § 726. The IRS argues that the claim is entitled to top-priority status under § 726(a)(1) because that section explicitly accords such status to "unsecured claims of governmental units"--and § 726(a)(1), unlike § 726(a)(2), makes no distinction between timely and tardily filed claims. Accord, Vecchio, 20 F.3d at 557 ("[t]he absence of a timeliness distinction in § 726(a)(1) strongly suggests that this subsection encompasses all priority claims whenever filed"); Davis, 81 F.3d at 135; Pacific-Atlantic, 33 F.3d at 1067.
 
 
 27
 Such a result, however, requires us to ignore the express of language of 11 U.S.C. § 726(a)(3). That section prescribes third-tier status for "any allowed unsecured claim proof of which is tardily filed under § 501(a)." (Emphasis added.) We follow the familiar principle of statutory interpretation that when confronted by a choice between a general statutory provision and a specific one, we are to prefer the specific over the general. Section 726(a)(3) is clearly the more specific provision, and it means what it says: "for obvious reasons going to the heart of the efficiency and fairness of the bankruptcy system, the Code attaches consequences to failure to comply with proof of claim deadlines." Waindel, 65 F.3d at 1311.
 
 
 28
 The interpretation offered by the IRS is not only inconsistent with § 726(a)(3), it is inconsistent with § 501(c). The latter section provides that where a creditor has not filed a timely proof of claim, the debtor or the trustee may do so in his stead. Such claims are entitled to second-tier status under § 726(a)(2)(B). As the Waindel Court explained,
 
 
 29
 "This provision was intended to allow debtors to complete the list of claims against the estate in a timely fashion and to ascertain the basis for and amounts of creditors' distributions. The particular object of this salutary provision was untimely priority claims, because of their potentially heavy impact on a case." 65 F.3d at 1311.
 
 
 30
 If we were to accord such claims first-tier priority status, we would "emasculate[ ]" the scheme established by § 726(a)(2)(B) and § 501(c). Id.
 
 
 31
 Nor do we agree with the argument that it would be "anomalous" not to allow § 726(a)(1) status for tardily filed priority claims because otherwise creditors with general unsecured claims filed tardily because of lack of notice would receive distributions under § 726(a)(2) ahead of similarly situated priority claimants. There can be no such anomaly in this circuit, because our court has already decided that a creditor who files a priority claim tardily because of late notice is entitled to § 726(a)(1) status absent bad faith or unreasonable delay. In re Century Boat Co., 986 F.2d 154 (6th Cir.1993); Cardinal Mine, 916 F.2d 1087.
 
 
 32
 Strong practical considerations also support denying § 726(a)(1) status to claims filed tardily despite the giving of notice. A trustee often will undertake litigation to reduce the amount of general unsecured claims so as to allow other claimants a greater distribution. If priority claims can be asserted at the last minute, the trustee's efforts will sometimes be wasted. In fact, as the Vecchio court acknowledged, the logic of the IRS interpretation would lead "to the conclusion that first priority payment could be accorded even to claims filed after the distribution of the estate's assets." 20 F.3d at 560. The Vecchio court thought these problems could be dealt with under principles of equitable subordination and the exercise of discretion over whether to enter disgorgement orders. Id. Possibly so, but it seems to us the interests of efficient management of bankruptcy estates would be better served by an interpretation eliminating these problems at the source.
 
 
 33
 An untimely priority claimant who has received notice must, in our view, stand in line behind the creditors listed in §§ 726(a)(1) and (2). Accord, In re Larry Merritt Co., 169 B.R. 141 (E.D.Tenn 1994). Existing Sixth Circuit precedent, as we read it, is not inconsistent with this view.
 
 
 34
 In Cardinal Mine, 916 F.2d 1087, we held that first-tier creditors who did not file timely claims because they did not receive notice of the bankruptcy are entitled to first-tier status. The Cardinal Mine decision was premised on "[d]ue process and equitable concerns" not implicated here--i.e. concerns that "basic principles of justice require notice and an opportunity to be heard." Id. at 1089, 1092.
 
 
 35
 As the district court noted in the case at bar, there are dicta in Cardinal Mine which might be read as suggesting that all untimely filed first-tier claims retain their priority status. Id. at 1091 ("Since [the] priority [of § 726(a)(1) claims] is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason"). Any question that such statements are anything more than dicta, however, was put to rest in Century Boat Co., 986 F.2d at 158:
 
 
 36
 "We simply decided [in Cardinal Mine Supply ], and we reaffirm today, the principle that a priority creditor who fails to receive notice of the bankruptcy and consequently files an untimely proof of claim is not barred from receiving priority distribution as a matter of law. Generally, every creditor will adhere to the timing requirements established in Bankruptcy Rule 3002. Cardinal Mine Supply established a narrow exception for priority creditors who lack notice of the bankruptcy."
 
 
 37
 In a Chapter 13 case where notice was received, this circuit seems to have held that tardiness in the filing of a proof of claim bars recovery altogether. See In re Chavis, 47 F.3d 818 (6th Cir.1995). This result goes beyond the one we reach here under Chapter 7. But the Chavis panel--at pains to distinguish Vecchio and Pacific-Atlantic--stressed the differences between Chapter 7 and Chapter 13 bankruptcies. Chavis, 47 F.3d at 824. Although there may be little point in drawing an "extra-textual distinction" between the two chapters, Waindel, 65 F.3d at 1309 n. 6, it is clear that section 726, with its explicit contemplation of untimely but allowed claims, applies by its terms only to Chapter 7, not to Chapter 13.
 
 IV
 
 38
 We note in closing that the problem presented here will not trouble the courts much longer. The 1994 Bankruptcy Amendments, which govern cases filed after October 22, 1994, provide that a tardily filed claim is disallowed except to the extent that the provisions of § 726 allow distribution on such claims. 11 U.S.C. § 502(b)(9). A claim of a governmental unit is deemed timely if filed "before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." Id. Section 726(a)(1) has been modified to allow first-tier distribution status to timely filed claims and those that are "tardily filed before the date on which the trustee commences distribution." As the Chavis panel observed, the amendments "reveal[ ] Congress' intent to demand that claims be timely filed." 47 F.3d at 823.
 
 V
 
 39
 The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.